UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RHEA COUNTY, TENNESSEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:09-CV-84 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| MACK TRUCKS, INC., MUNICIPAL ) | |
| EQUIPMENT, INC., and WORLDWIDE ) | |
| EQUIPMENT, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Before the Court is Defendant Worldwide Equipment, Inc.'s motion to dismiss for failure to state a claim. Plaintiff Rhea County did not file a response. For the following reasons, the Court will **GRANT** Defendant's motion (Court File No. 8) and **DISMISS** Worldwide Equipment, Inc. from this case.

### I. RELEVANT FACTS

This case concerns an allegedly defective truck manufactured by Defendant Mack Trucks, Inc., purchased by Plaintiff from Defendant Municipal Equipment, Inc., and serviced by Defendant Worldwide Equipment, Inc. ("Worldwide"). According to Plaintiff's complaint, it received the "Manufacturer Defendant's warranty that the vehicle would remain free of defects for a period of one year and certain promises by the manufacturer to correct any defects within that warranty period." This warranty was "extended by the manufacturer." The manufacturer, according to the complaint, is Mack Trucks.

As a result of significant malfunctions with the truck, Plaintiff took the truck to Worldwide

for repair work. The complaint alleges "Defendant's authorized dealer"[1] attempted to repair the truck and released it back to Plaintiff. Because of continuing malfunctions, Plaintiff took the truck "back to the authorized dealer" for repair more than six times over the next several months, but the truck was never repaired. Plaintiff gave notice to "the Defendants" via certified mail of the truck's need for repair, but no repair or correction was ever made, according to the complaint.

Plaintiff alleges it demanded "the Defendant" replace the vehicle. Plaintiff tendered the vehicle to "the Defendant," offering to make it available at Municipal Equipment's place of business. But "Defendant" refused to take delivery and refused to refund any part of the purchase price. Plaintiff contends the vehicle is substantially impaired, rendering it unreliable and unsafe for normal operation. It alleges "Defendant is responsible under the warranty to repair or replace" the vehicle or to accept return of the vehicle and refund the purchase price less a reasonable allowance for use of the vehicle.

Based on these allegations, Plaintiff demands the Court order "Defendants" to accept return of the vehicle and replace it with a comparable vehicle or accept return of the vehicle and issue a refund to Plaintiff. Plaintiff also requests "Defendants" be required to pay all costs of this action, including attorney's fees.

**II. STANDARD OF REVIEW**

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the

---

[1] Based on the description of the parties in the complaint,"Defendant's authorized dealer" would be Municipal Equipment. Yet, Worldwide is the "authorized service provider" and the party to whom Plaintiff took the vehicle for repairs. This discrepancy does not affect the outcome of this motion, but merely exemplifies the problematic nature of the complaint not referring to individual defendants by name.

2

complaint in the light most favorable to the plaintiff, *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998), accept the complaint's factual allegations as true, *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), but that statement must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are insufficient, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Unsupported allegations and legal conclusions "masquerading as factual conclusions" are not sufficient. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

### III. DISCUSSION

Worldwide contends Plaintiff fails to state a claim against it. Plaintiff did not respond to Worldwide's motion to dismiss. After reviewing the complaint, the Court agrees with Worldwide that the complaint fails to state a claim against it.

The warranty on which Plaintiff bases its claim was issued by Mack Trucks, not Worldwide.

3

As Plaintiff itself notes, the warranty makes promises by the manufacturer. And under Tennessee law, the remedy sought by Plaintiff is a duty of the manufacturer. Tenn. Code Ann. § 55-24-103(a). There is no allegation Worldwide violated a statutory or contractual duty.

The absence of such an allegation is starkly evident in Plaintiff's demand for judgment, which requests "Defendants" accept return of the vehicle and replace it or refund Plaintiff's money. Although Plaintiff does not specify which defendant it is referring to, the only factual allegation supporting such a request would be against the manufacturer, who made the vehicle, extended the warranty, and has duties pursuant to the warranty. In contrast, there is no factual allegation to support a conclusion that Worldwide would have any obligation to accept the return of a vehicle or refund the purchase price of a vehicle when its sole role was attempting to repair a vehicle that Plaintiff contends was malfunctioning. Worldwide did not issue the warranty. Nor did Worldwide cause the malfunction. On the facts alleged by Plaintiff, there is no basis for asserting Worldwide has any liability to Plaintiff.

**IV. CONCLUSION**

For the foregoing reasons, the Court will **GRANT** Defendant Worldwide Equipment, Inc.'s motion to dismiss (Court File No. 8).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**